[S. F. No. 16708. In Bank. Feb. 6, 1942.]

MONTEREY PENINSULA AIRPORT DISTRICT, Petitioner, v. EDNA MASON, as Secretary, etc., Respondent.

Argyll Campbell for Petitioner.

Orrick, Dahlquist, Neff & Herrington for Respondent.

THE COURT.—By this proceeding in mandamus the Monterey Peninsula Airport District, a public corporation, seeks to compel respondent, as secretary of its board of directors, to execute and sign, and to affix the official seal of the district to certain "Acquisition and Improvement Bonds, Issue of 1942," as authorized and directed by resolution of the board. The respondent has demurred to the petition, contending that the act creating the petitioner district (Stats. 1941, ch. 52, p. 684; Deering's Gen. Laws, 1941 Supp., Act 153) is invalid in that it violates the provision of the Constitution which forbids local or special laws in all cases "where a general law can be made applicable." (Cal. Const., art. IV, sec. 25, subd. 33.)

The challenged act creates and defines the extent of the petitioner district and empowers it to establish and maintain an airport for civil and military purposes. It also empowers the district to borrow money from the United States and to issue bonds to raise money when authorized by resolution of its

board of directors. The legislature has declared the act to be an urgency measure necessary to the preservation of the public peace, health and safety because of the existence of a state of war "in numerous areas throughout the world," thus requiring augmentation of the inadequate air facilities at Monterey for purposes of national defense—an urgency made more acute because of events transpiring since enactment of the act. The act further declares that the War Department has certified the Monterey Municipal Airport, which has been acquired by the district, as necessary for national defense and that a federal appropriation in excess of $700,000 has been approved for its enlargement.

The Works Project Administration has approved the project and federal funds have been allocated to the district contingent upon the acquisition by it of adjacent lands, contemplated to cost in excess of $214,000, and a cash contribution by the district of not less than $25,000. In order to acquire these necessary funds the district, through its board of directors, by resolution has authorized issuance of bonds aggregating $250,000, which bonds it is here sought to have respondent sign.

In support of her demurrer and contention that the act here involved is special legislation and therefore violative of the cited constitutional provision, respondent relies principally upon the case of *Ventura County Harbor District* v. *Board of Supervisors,* 211 Cal. 271 [295 Pac. 6], and argues that at the time the legislation here challenged was enacted there was in existence a general act of the legislature entitled the California Airport District Act (Stats. 1929, p. 1857; Deering's Gen. Laws, 1937, Act 150), providing for the establishment of airport districts in the state.

This argument, however, disregards the fact that the general act is wholly permissive in nature and does not provide for the mandatory establishment of airports. It requires a petition signed by a percentage of the voters in the district, notice and hearing before the board of supervisors, a general election in the area to determine whether the district shall be established and a two-thirds vote of the electors for the issuance of bonds. The present act, on the contrary, is designed to authorize the prompt and mandatory improvement of the airport in question for purposes of national defense.

This court has held that if a general act is inadequate to

accomplish certain objectives necessary for the protection of the public health, safety and morals, the legislature may enact more specific legislation dealing with the subject without violating the constitutional inhibition aimed at special legislation. This was recognized in the case of *American River Flood Control District* v. *Sweet*, 214 Cal. 778 [7 Pac. (2d) 1030], which presented a situation and problem analogous to those here presented. The cited case points out that the Ventura case, *supra*, relied on here by respondent, recognizes "that special legislation might coexist with a general law on the subject, and that it would be deemed a valid exercise of legislative power until it is demonstrated that a general law could be made applicable." It also points out, which is also significant here, that "the general law is permissive only. The initiation of proceedings for the formation of such districts under general law must depend on the voluntary petition of land owners in the district. The land owners in the district might never file, or might indefinitely delay the filing of, such a petition. Here the district is created by the special act. It has no alternative but to function and carry out the purposes of the act. The act contemplates the safeguards of life and property. . . . The project contemplated by the act is one of the essential parts of the co-ordinated plan. . . . The federal act made certain appropriations in aid of the plan provided for by the act here in question, conditioned . . . on assurances that appropriations would be made by the State of California. . . ."

The facts of the present case are even more compelling than those of the cited case. Here, the legislature in providing for the protection of a large and populous area has created a public corporation to execute an important unit of the national defense plan. The accomplishment of this project presents a problem unlike any other existing in the state and the machinery of the general law is inadequate to accomplish the objective. The legislature, in its wisdom, has determined that a solution of the problem lies only in the creation of a separate and special entity. It is not our province to interfere with that determination.

Let a peremptory writ of mandate issue as prayed, and pursuant to stipulation of the parties, here filed, waiving the statutory time within which such writ may issue, it is further ordered that such peremptory writ may issue upon the filing of this decision.